# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

**NIKKI WASHINGTON**               *   **CIVIL ACTION NO. 06-0198**

**VERSUS**                         *   **JUDGE JAMES**

**CITY OF VILLE PLATTE**           *   **MAGISTRATE JUDGE HAYES**

## MEMORANDUM RULING[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Transfer (Doc. #10) filed by Defendant, the City of Ville Platte ("Ville Platte"). For reasons stated below, the motion is **DENIED.**

According to the complaint, on January 5, 2005, Plaintiff, Nikki Washington ("Washington"), was arrested by the Ouachita Parish Sheriff's office and booked into the Ouachita Correctional Center ("OCC"). Washington's bond was set on January 6, 2005; however, she was not released because an NCIC report showed an outstanding arrest warrant from Ville Platte. Washington states that she knew the warrant was incorrect, or that she was not the person named in the warrant, because she had never been in Ville Platte. Washington was required to remain in custody at OCC until agents of the Ville Platte police department came and transported her from OCC to Ville Platte. On January 8, 2005, Washington was transported to Ville Platte; and according to the plaintiff, she was transported despite the Defendants' awareness that she probably

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

was not the person named in the warrant. She was subsequently released after Ville Platte finally confirmed that she was not the person sought in the warrant, but Ville Platte did not even provide her with transportation back to her home in Monroe. Washington alleges claims of wrongful arrest and detention.

Washington filed suit against Ville Platte on December 30, 2005, in the 4th Judicial District Court, Parish of Ouachita, Louisiana. On February 6, 2006, Ville Platte removed the case to this Court. On March 28, 2006, Ville Platte filed the motion currently before the Court, a Motion to Transfer the case to the Lafayette/Opelousas Division. Washington opposes the motion.

## **LAW AND ANALYSIS**

Ville Platte argues that Washington alleges claims under 42 U.S.C. § 1983 and violations of the U.S. Constitution and therefore, the proper venue is codified in 28 U.S.C.A. § 1391(b), which provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a *judicial district* where any defendant resides, if all defendants reside in the same State, (2) a *judicial district* in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a *judicial district* in which any defendant may be found, if there is no district in which the action may otherwise be brought.

(emphasis added).

The issue here is not a federal venue question: Ville Platte is not seeking to transfer this case to another district, but rather to a different division within the same district. Both the Monroe and the Lafayette/Opelousas Divisions are within the Western District of Louisiana, and venue would therefore be proper in either place. Since Washington originally filed her suit

2

in the 4th Judicial District Court, Parish of Ouachita, the suit was properly removed to this Court when Ville Platte filed its Motion to Remove the case to federal court. As required under 28 U.S.C. § 1441, the Monroe Division of the United States District Court for the Western District of Louisiana is the proper court to receive cases removed to federal court from the 4th Judicial District Court, Parish of Ouachita, so long as those cases were properly filed in that court. Therefore, this court must determine whether the case was properly filed in the Fourth Judicial District Court, Parish of Ouachita. If so, then transfer would not be proper.

> Under La. R.S. 13:5104(B),
>
> All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located *or in the district court having jurisdiction in which the cause of action arises.*

(emphasis added).

Since Ville Platte is a political subdivision of the state of Louisiana, the case could have been filed in the 13th Judicial District Court, Parish of Evangeline under the first part of La. R.S. 13:5104(B). However, a plaintiff is also permitted to file suit "in the district court having jurisdiction in which the cause of action arises."

It is clear to this Court that the majority of Washington's allegations occurred while she was in Ouachita Parish. Washington's alleged unlawful detention occurred in Ouachita Parish. She was transported to Evangeline Parish; however, she was released shortly after her arrival in that parish. Ville Platte argues that Washington's allegations are against the conduct of officers or agents of Ville Platte, which occurred in Evangeline Parish. However, this argument is weak

3

because Ville Platte presented enough information to the authorities in Ouachita Parish, while Washington was present in Ouachita Parish, to allow her continued detention at OCC, and agents of Ville Platte actually came to Ouachita Parish, took the plaintiff into custody, and took her out of the parish against her will. Thus, a substantial portion of the events giving rise to her cause of action occurred in Ouachita Parish. Washington therefore had the option to file suit in either Evangeline or Ouachita Parish and she chose Ouachita. Ville Platte's Motion to Transfer (Doc. #10) is hereby **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 18th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE